Edward Lee DEBARDELEBEN and Lue-
voirn Hendrix, Appellants,

v.

UNITED STATES of America,
Appellee.

No. 17745.

United States Court of Appeals
Ninth Circuit.

Aug. 30, 1962.

Matthews & Stanley, Los Angeles, Cal., for appellant.

Francis C. Whelan, U. S. Atty., Thomas R. Sheridan, Asst. U. S. Atty., Chief, Criminal Division, and John R. Schell, Asst. U. S. Atty., Los Angeles, Cal., for appellee.

Before MERRILL and DUNIWAY, Circuit Judges, and HODGE, District Judge.

DUNIWAY, Circuit Judge.

Convicted under a four-count indictment charging them with importation, and, separately, with concealment and facilitating transportation of heroin (21 U.S.C.A. § 174) and of marihuana (21 U.S.C.A. § 176a), Debardeleben and Hendrix appeal. Their principal contention is that the evidence is insufficient to support their conviction.

We have examined the entire record and we conclude that the evidence was sufficient. From the evidence, the court could infer that Debardeleben furnished the car which was used to transport himself, Hendrix, and two co-defendants, Peters and Ellis, from Los Angeles to Tijuana for the purpose of acquiring the narcotics; that the narcotics were purchased in Tijuana and concealed upon the person of Ellis; that Hendrix furnished some of the gasoline and drove the car on the return trip from Tijuana into the United States; that both appel-

lants knew, when they crossed the border, that Ellis had acquired the narcotics and had them hidden on her person; and that both appellants told false stories to the customs inspectors for the purpose of helping Ellis conceal the narcotics. The case is circumstantial and depends in part upon contradictions in stories told by the appellants to the customs inspectors and on the witness stand, including their own statements to the inspectors that they were with Ellis all of the time that she was in Mexico, and their contradictory, and in part incredible, explanations of the manner in which the trip from Los Angeles to Tijuana was undertaken.

■ Ellis pleaded guilty and was a witness for the government. She had given statements to the customs inspectors, but on the stand her testimony was different. The government properly claimed surprise and impeached her by the testimony of the inspectors. The court admitted the inspectors' testimony solely for the purpose of impeachment and, as the trier of fact, jury being waived, announced that it was laying aside both the impeaching testimony and the testimony of Ellis given on the witness stand, which was favorable to appellants, but which the court did not believe. This was proper. (See Bieber v. United States, 9 Cir., 1960, 276 F.2d 709; Weaver v. United States, 9 Cir., 1954, 216 F.2d 23)

■ At the conclusion of the trial, but before appellants were convicted, the court passed sentence upon Ellis. As a preliminary to doing so, it took further testimony from the customs inspectors and from Ellis herself, this for the purpose of getting further enlightenment as to whether Ellis had perjured herself in the trial, a matter that the court could properly consider in sentencing her. The court announced that none of this testimony would be considered when it came to determining the guilt or innocence of appellants. The latter objected, and now claim that this interruption of the trial was error and was prejudicial to them. We find no error and no prejudice. The court repeatedly announced that it would not consider any of this evidence as against appellants. We must presume that the court followed its own ruling (see Benchwick v. United States, 9 Cir., 1961, 297 F.2d 330, 333). Nothing in the record indicates that it did not. No other errors are assigned.

Affirmed.